THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00172-MR

EVA MARY-FRANCES CHEEK,      )
                             )
            Plaintiff,       )
                             )
    vs.                      )          **O R D E R**
                             )
KILOLO KIJAKAZI, Acting      )
Commissioner of Social Security, )
                             )
            Defendant.       )
_____)

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees under the Social Security Act [Doc. 19].

**I.    PROCEDURAL BACKGROUND**

On June 30, 2018, the Plaintiff initiated this action seeking judicial review of the Commissioner's decision to deny her application for benefits under the Social Security Act. [Doc. 1]. On February 14, 2018, on motion of the Defendant, this Court reversed the Commissioner's decision denying the Plaintiff's application for benefits and remanded the case to the Appeals Council for further administrative action. [Docs. 14, 15]. On May 15, 2018, the Court awarded the Plaintiff attorney's fees in the amount of $4,800.00 in full satisfaction of any and all claims by the Plaintiff pursuant to the Equal

Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). [Doc. 18]. The U.S. Department of the Treasury, however, seized this EAJA fee award to satisfy an outstanding federal debt owed by the Plaintiff. [See Doc. 20-4].

On September 14, 2021, the Commissioner issued a Notice of Award to the Plaintiff explaining her past due benefits and stating that $33,900.00, representing 25% of the Plaintiff's back benefits, was being withheld from the Plaintiff's award to pay any award of attorney's fees. [Doc. 20-1 at 5]. The Plaintiff and her attorney had a contingency fee agreement pursuant to which any attorney's fee award could not exceed 25% of the past due benefits. [Doc. 20-2].

The Plaintiff's counsel now seeks an award of $23,900.00 in fees pursuant to 42 U.S.C. § 406(b)(1). [Doc. 19].

## II. DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees. First, claimants may seek a fee award under the EAJA, which provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the

2

Case 1:17-cv-00172-MR   Document 22   Filed 12/03/21   Page 2 of 5

United States in any court having jurisdiction of that action...." 28 U.S.C. § 2412(d)(1)(A). Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...." 42 U.S.C. § 406(b)(1)(A).

While attorney's fees may be awarded under both the EAJA and § 406(b), the Social Security Act requires that the attorney must refund to the claimant the smaller fee. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 134-35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)). Where counsel did not receive the prior awarded EAJA fees, however, "there is no requirement for counsel to refund to the claimant the amount of the smaller fee." Gage v. Colvin, No. 5:12-CV-711-FL, 2014 WL 773523, at *2 (E.D.N.C. Feb. 25, 2014).

3

Here, the Plaintiff and her counsel entered into a contingency fee agreement by which the Plaintiff agreed to pay 25% of any past due benefits awarded to her counsel.  As the Fourth Circuit has recognized, "§ 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel.  As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . § 406(b) simply instructs a court to review the agreement for reasonableness."  Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (citation and internal quotation marks omitted).

The Court finds that the services rendered in this Court were appropriate and reasonable to the relief sought, and the contingency fee agreement executed by the Plaintiff and her counsel is reasonable.  Accordingly, the Plaintiff's Motion for Attorney's Fees is granted.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion [Doc. 19] is hereby **GRANTED**, and an award of attorney's fees in the amount of Twenty-Three Thousand Nine Hundred Dollars ($23,900.00) pursuant to 42 U.S.C. § 406(b)(1)(A) is hereby approved.

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration in order to effectuate payment of the award from past due benefits which have been withheld for such purpose.

**IT IS SO ORDERED.**

Signed: December 2, 2021

Martin Reidinger
Chief United States District Judge